# UNITED STATED DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cv 334

| | |
|---|---|
| **GEOFFREY TURNER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HENDERSON COUNTY SHERIFF CHARLES MCDONALD,** *in his official capacity*, **and JOHN DOE CORPORATION**, *in its capacity as surety on the Official Bond of the Sheriff of Henderson County*,<br><br>**Defendants**. | **CONSENT PROTECTIVE ORDER FOR HENDERSON COUNTY PERSONNEL FILES AND MEDICAL INFORMATION** |

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to 1) employee personnel matters that may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 153A 98 (c); and 2) confidential medical records and reports or other personal health-related information (collectively "confidential information"). The parties have sought such an order so as to be in compliance with these statutes.

By the parties consent, IT IS HEREBY ORDERED THAT:

1. Upon proper request pursuant to the Federal Rules of Civil Procedure, the Parties may obtain confidential information.

2. Any such confidential information obtained in this action shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL" or a comparable notice.

3. In the absence of written permission from the Parties or an order by the Court, any confidential information obtained in accordance with the provisions of paragraph 1 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) counsel to this action, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel records; and (vi) parties or witnesses as necessary to prepare for trial or testimony in this action. Any confidential information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual's right to examine confidential records under N.C.G.S. § 153A-98, to the extent permitted by law.

4. Information obtained in accordance with the provisions of paragraph1 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to both Parties (i) to be bound by the terms thereof, (ii) not to reveal such confidential information to anyone other than another person designated in paragraph 3, and (iii) to utilize such confidential information solely for purposes of this litigation.

5. If the Court orders, or if the Parties agree, that access to, or dissemination of, information obtained as confidential information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal and marked in accordance with paragraphs 1 and 2 above. Any portion of a transcript in connection with this action containing any confidential, information submitted pursuant to paragraphs 1 and 2 shall be bound separately and filed under seal. When any confidential information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL."

7. If confidential information obtained in accordance with paragraphs 1 and 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court, and opposing counsel, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

**Error! Unknown document property name.**

8. Upon final adjudication of this action, the disposition of all confidential information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be subject to further Order of this Court.

9. This Order is entered without prejudice to any Party seeking further orders from the Court regarding the additional disclosure of, or restriction of, confidential information.

**IT IS SO ORDERED.**

Signed: March 29, 2018

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

**Error! Unknown document property name.**