# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 334

| | |
|---|---|
| **GEOFFREY TURNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| **LOWELL S. GRIFFIN,** in his official ) | **ORDER** |
| capacity as Sheriff of Henderson ) | |
| County, **and OHIO CASUALTY** ) | |
| **INSURANCE COMPANY**, in its ) | |
| capacity as Surety on the Official Bond ) | |
| of the Sheriff of Henderson County, ) | |
| ) | |
| **Defendants**. ) | |
| ) | |

This matter is before the Court on the following motions: (1) Plaintiff's Motion to Compel Discovery Responses (Doc. 29); (2) Plaintiff's Motion for an Extension of Time to Complete Discovery, for Amendments to the Scheduling Order, and to Designate Expert Economist (Doc. 31); and (3) Plaintiff's Motion to Compel Rule 30(b)(6) Deposition (Doc. 32).

**I.      Relevant Procedural Background**

Plaintiff filed this action on December 7, 2017 alleging discrimination, harassment, and retaliation in violation of the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. and the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq.  See Compl. (Doc. 1).

On March 28, 2018, the parties filed a Certification and Report of F.R.C.P. 26(f) Conference and Proposed Discovery Plan (Doc. 6). That plan proposed discovery be

completed by February 1, 2019, each party be allowed a maximum of 25 interrogatories and a maximum of 50 requests for admission, and Plaintiff and each Defendant be allowed to take up to 10 depositions lasting up to seven hours each.

The next day, a Pretrial Order and Case Management Plan (Doc. 9) was entered. The Pretrial Order essentially adopted these limits, though it set December 1, 2018 as the deadline for the close of discovery.

Seven (7) months later, on October 30, 2018, with Defendants' consent, Plaintiff filed a First Amended Complaint (Doc. 10). Defendants answered (Doc. 11) on November 1, 2018.

On November 8, 2018, the parties requested an additional 45 days to engage in discovery and conduct mediation, and a corresponding 45-day extension to file dispositive motions. (Doc. 12). The Court granted that request and amended the Pretrial Order to, among other things, extend the discovery deadline to January 15, 2019 and the motions deadline to February 15, 2019. (Doc. 13).

On the last day of the extended discovery period, January 15, 2019, the parties filed a joint request seeking further extensions of the discovery deadline and the dispositive motions deadline. (Doc. 16).

The Court denied that joint request. (Doc. 17).

On January 30, 2019, Plaintiff, now acting unilaterally, filed a Motion for an Extension of Time to Complete Discovery and for Amendments to the Scheduling Order (Doc. 19).

The Court conducted a hearing on the Motion on February 15, 2019, and considering the circumstances of this individual case, and the more complete record that had been presented, allowed the Motion in part and denied it in part by order dated February 28, 2019 (Doc. 21). Among other things, the discovery deadline was extended through and including April 1, 2019, the per party deposition allocation was increased to twelve (12) depositions, and the dispositive motions deadline was extended through and including May 1, 2019.

On March 19, 2019, the undersigned conducted a telephone conference with counsel to address certain potential discovery disputes, after which the parties were directed to confer and explore in further detail possible resolution of said disputes.

On March 29, 2019, the undersigned held two additional conference calls with counsel regarding certain discovery disputes. A joint oral request for a one-week extension of the discovery deadline was allowed, and the discovery period was extended to April 8, 2019. (Doc. 26). The parties were advised that no further extensions of the discovery deadline would be allowed absent emergent circumstances.

Plaintiff's current motions were all filed on April 8, 2019, the last day of the extended discovery period.

## II. The Motions

### A. Plaintiff's Motion to Compel Discovery Responses

In this Motion (19 pages long) and supporting brief (18 pages long), Plaintiff requests that Defendants be compelled to:

1. Conduct additional searches for electronically stored information ("ESI"), including searching cell phones assigned to up to 15 persons over multiple year periods;

2. Conduct an additional search for wage and benefits documentation;

3. Produce disciplinary records and evaluations for other employees;

4. Produce fitness for duty evaluations for other employees;

5. Produce job descriptions, duties, and prerequisites; and

6. Supplement their responses to various written discovery requests.

B. **Plaintiff's Motion for an Extension of Time to Complete Discovery, for Amendments to the Scheduling Order, and to Designate Expert Economist**

In this Motion (17 pages long), Plaintiff seeks an extension of time to complete discovery and asks that additional time be provided for him to designate an economist as an expert witness. Pl.'s Mot. (Doc. 31) at 1. Among other things, Plaintiff requests that a deadline of July 1, 2019 be established for the production of his economist's report and that Defendants be required to make their own economist available for deposition by September 1, 2019.

C. **Plaintiff's Motion to Compel Rule 30(b)(6) Deposition**

In this Motion (19 pages long) and supporting brief (24 pages long), Plaintiff requests that Defendants be compelled to "prepare and produce" certain individuals to testify with respect to numerous topics referenced by a previous deposition notice

published by Plaintiff pursuant to Rule 30(b)(6) and to "work with Plaintiff to enter into stipulations" with regard to other topics. Pl.'s Mot. (Doc. 32) at 6.

**III.  Discussion**

Having reviewed the instant filings by Plaintiff, Defendants' responses, and the record in general, and having conducted one formal hearing as well as three informal telephone conferences with counsel regarding discovery issues, it is readily apparent to the undersigned that the discovery process in this case has been far from ideal.

Plaintiff's filings indicate that the production of information by Defendants may have been lacking in some respects. For example, it appears that investigation into the possible existence of responsive text messages could have been more vigorous, that additional documentation concerning the treatment of other employees may have been available, and that a retroactive designation of one corporate deponent was attempted.

The discovery conducted by Plaintiff has not been orderly and timely. Though some discovery was conducted early on, the discovery process did not begin in earnest until the late Fall of 2018, at which time discovery was set to close on December 1, 2018. Pursuant to a joint request of the parties, that deadline was extended to January 15, 2019. Another joint request filed on that last day was denied, but a subsequent Motion by Plaintiff was allowed in part and the discovery deadline was extended again, this time until April 1, 2019.

This additional discovery period, rather than being used as a welcomed opportunity to complete discovery and prepare for trial, has been marked by increasing sparring that

has required three phone conferences with the Court and ultimately resulted in the filing of the instant motions on the last day of the discovery period.[1] In short, the longer the discovery period has progressed, the more problems have arisen, and the more judicial (and, no doubt, party) resources have been expended.

The sheer volume of discovery sought by Plaintiff is likewise problematic. According to Defendants, when it was all said and done, Plaintiff had served 56 interrogatories and 78 document requests, to which Defendants responded initially and then submitted seven sets of supplemental responses. Document production by the defense has totaled almost 4000 documents.

Further, it appears that Plaintiff has taken 12 depositions, consisting of 11 individual depositions and one deposition pursuant to Rule 30(b)(6). However, that corporate deposition was conducted in response to a notice served by Plaintiff that included <u>sixty-one (61) topics</u> and for which Defendants' designated multiple witnesses. Some of those topics go beyond requesting existing information and instead appear to seek to require the witnesses to perform calculations regarding Plaintiff's compensation and benefits under hypothetical scenarios that assume his employment had continued.

The concept of proportionality has now been codified. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

---

[1] Even now, the specifics of some issues are unclear. For example, Plaintiff indicates that Defendants supplemented their responses to certain document requests on April 8, 2019 (the day the instant motions were filed) and that Plaintiff has not had an opportunity to review that information, though nonetheless requests the entry of an order pertaining to it.

Fed. R. Civ. P. 1. "Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure." Fed. R. Civ. P. 1, Advisory Committee Notes, 2015 Amendment.

Under Rule 26 of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

In this case, Plaintiff complains at great length about Defendants' failings but has not shown why additional discovery - beyond the thousands of pages of documents, the multiple sets of discovery responses, and the hours of deposition testimony already provided – would be proportional to the needs of this matter and should now be authorized and compelled. Plaintiff's motions, therefore, will be denied.

In light of this conclusion, the Court must also consider whether an award of costs is required. In that regard, Rule 37 provides that if a motion to compel

> is denied, the court may issue any protective order under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

In its discretion, the Court does not find at this juncture that an award of expenses in favor of Defendants and against Plaintiff would be just.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Compel Discovery Responses (Doc. 29) is **DENIED**;

2. Plaintiff's Motion for an Extension of Time to Complete Discovery, for Amendments to the Scheduling Order, and to Designate Expert Economist (Doc. 31) is **DENIED**; and

3. Plaintiff's Motion to Compel Rule 30(b)(6) Deposition (Doc. 32) is **DENIED**.

Signed: April 24, 2019

W. Carleton Metcalf
United States Magistrate Judge