IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 CV 334

| | |
|---|---|
| GEOFFREY TURNER, )<br> )<br>        Plaintiff, )<br>  v. )<br> )<br>LOWELL S. GRIFFIN, in his )<br>official capacity as Sheriff of )<br>Henderson County, and OHIO )<br>CASUALTY INSURANCE )<br>COMPANY, in its capacity as )<br>Surety on the Official Bond )<br>of the Sheriff of Henderson County, )<br> )<br>        Defendants. )<br> ) | ORDER |

This matter is before the Court on the following motions:

- Plaintiff's Motion for Leave to File Surreply to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 69);

- Plaintiff's Motion for Leave to Change out the PDF files of Exhibits to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 70); and

- Plaintiff's Consent Motion to File Document Under Seal (Doc. 71).

I.  Relevant Procedural Background

On October 30, 2018, Plaintiff filed an Amended Complaint (Doc. 10).

On May 1, 2019, Defendants filed a Motion for Summary Judgment (Doc. 42) and Brief in Support (Doc. 43).

Following numerous extensions, on July 15, 2019, Plaintiff filed a response in opposition (Doc. 58).

Defendants replied on July 22, 2019 (Doc. 64).

II.  Discussion and Orders

A.  Plaintiff's Motion for Leave to File Surreply (Doc. 69)

Through this Motion, Plaintiff requests permission to file a 10-page surreply as part of his opposition to Defendants' Motion for Summary Judgment. This Motion, like this case in general, is hotly contested; Defendants filed a response in opposition (Doc. 72), and Plaintiff replied (Doc. 73).

Local Civil Rule 7.1 does not anticipate or allow the filing of surreplies except with leave of court. LCvR 7.1(e). In general, courts permit a party to file a surreply "only when fairness dictates based on new arguments raised in the previous reply." DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010); see LCvR 7.1(e) ("A reply brief should be limited to a discussion of matters newly raised in the response.").

Here, Plaintiff argues that Defendants have raised new facts, cited new testimony and exhibits, and made new legal arguments in their reply brief, thereby unfairly depriving Plaintiff of the opportunity to respond to these points.

The order and format of the parties' arguments in their summary judgment briefing often do not track with Plaintiff's claims as they appear in the Amended Complaint, or even with an opposing party's brief. While the parties, of course, are free to present their arguments as they deem appropriate, the format of the presentations, as well as the parties' articulation of the applicable legal principles, makes a strict comparison of the arguments difficult.

Having reviewed the parties' summary judgment briefing, the undersigned does not conclude that Defendants have raised new facts, cited new testimony and exhibits, and made new legal arguments to the extent alleged by Plaintiff. Nonetheless, in the interest of justice, and particularly in view of what appear to be conflicting views regarding the applicable legal principles, Plaintiff will be allowed leave to file a short surreply.

Accordingly, Plaintiff's Motion for Leave to File Surreply (Doc. 69) is **GRANTED IN PART** and Plaintiff is given leave to file a surreply in opposition to Defendants' Motion for Summary Judgment. The surreply may not exceed

five (5) pages in length and shall be filed within 10 days of the entry of this Order.

> B. Plaintiff's Motion for Leave to Change out the PDF files of Exhibits to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 70)

As noted, Plaintiff responded to Defendants' Motion for Summary Judgment on July 15, 2019. In connection with his response, Plaintiff filed numerous exhibits (Docs. 59, 60).

On July 23, 2019, Plaintiff filed the Affidavit of Kelly Lynn Weaver (Doc. 65). Ms. Weaver's specific position is not identified in the affidavit, but it appears that she may be employed by Plaintiff's counsel. Ms. Weaver's affidavit describes certain errors and omissions with respect to the Affidavit of Plaintiff, which had been submitted as one of his exhibits.

The next day, Plaintiff filed the Second Affidavit of Kelly Lynn Weaver, which described additional errors that had been discovered with other exhibits. (Doc. 68).

Plaintiff now requests leave to "change out" the exhibits, or parts thereof, that contain errors. (Doc. 70).

However, rather than attempting to substitute exhibits or parts of them, and potentially create further confusion on the docket, the undersigned finds that the better approach is for Plaintiff to file a new complete and accurate set of his exhibits.

Accordingly, Plaintiff's Motion for Leave to Change Out the PDF Files of Exhibits to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 70) is **GRANTED IN PART** and Plaintiff is **DIRECTED** to file, within ten (10) days of the entry of this Order, a complete and corrected set of the exhibits he offers in connection with his opposition to Defendants' Motion for Summary Judgment.

C. **Plaintiff's Consent Motion to File Document Under Seal (Doc. 71)**

Plaintiff seeks an order sealing Exhibit A (Doc. 68-1) of the Second Affidavit of Kelly Lynn Weaver (Doc. 68) as that document contains personnel documents and information about current and former employees of the Henderson County Sheriff's Office. Pl.'s Mot. (Doc. 71) at 1. Defendants' counsel has consented to the requested relief. Id.

The Court has considered the Motion, the public's interest in access to the subject materials, and alternatives to sealing. The Court determines that sealing is necessary in this case, and that less restrictive means of handling the information are not sufficient, as the subject filing consists of confidential personnel documents and information. The sealing ordered herein shall be permanent, subject to further Order of the Court.

Accordingly, Plaintiff's Consent Motion to File Document Under Seal (Doc. 71) is **GRANTED**, and document number 68-1 shall be **SEALED** and remain sealed until further Order of the Court.

It is so Ordered.

Signed: August 9, 2019

W. Carleton Metcalf
United States Magistrate Judge